**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-5265**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH LEROY KITTRELL,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:05-cr-00261-H)

———————————

Submitted:  February 13, 2008          Decided:  March 17, 2008

———————————

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

David W. Long, POYNER & SPRUILL LLP, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Kenneth Leroy Kittrell was found guilty of one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000). Kittrell was sentenced to 216 months' imprisonment, and ordered to pay $2520 in restitution and a $5000 fine. On appeal, Kittrell asserts the admission of a photograph violated Fed. R. Evid. 404(b) and challenges the sufficiency of the Government's evidence. We have reviewed the record and, finding no error, we affirm.

Taken in the light most favorable to the Government, Evans v. United States, 504 U.S. 255, 257 (1992), the evidence presented at trial established the following facts. On July 20, 2004, a robber entered a Wachovia Bank branch in Raleigh, North Carolina, and handed teller Lisa Roycroft a deposit slip, on the back of which was written, "This is a stick up. Put all the 100's and 20's on the top." According to Roycroft, the robber was an older black man, with gray hair, a receding hairline, and facial hair. Roycroft also noted the robber appeared unclean and was wearing a dirty white T-shirt. At trial, Roycroft identified Kittrell as the robber.

In responding to the crime scene, the police secured the demand note and dusted it for fingerprints. Five latent fingerprints of value were found on the two-sided demand note. Latent footwear impressions found near Roycroft's teller station

were photographed and documented. Submission of the fingerprints to North Carolina's automated fingerprint identification system yielded twelve potential matches. Because one of these matches was "very consistent" with the recovered print, the print examiner retrieved the corresponding fingerprint card, which belonged to Kittrell. The examiner concluded the recovered print was that of the middle finger on Kittrell's right hand. Further analysis revealed that three of the five latent fingerprints of value left on the demand note matched Kittrell.

Having identified a possible suspect, Detective Timothy Fanney of the Raleigh Police Department examined Kittrell's police record. Fanney compared a photograph of Kittrell the department had on file, which was taken in April 2004 — approximately three months before the robbery — with still photographs from the bank's video surveillance. Fanney immediately noticed physical similarities between the April 2004 photo of Kittrell and the surveillance photos. Fanney sought and obtained a warrant for Kittrell's arrest.

The warrant was executed and Kittrell detained at a local Motel Six. Upon seeing Kittrell, Fanney observed that Kittrell's appearance was different from that of his April 2004 photograph. Fanney obtained consent from Angela Lane, the motel manager, to search the motel's dumpster. In the dumpster, Fanney found a pair of sneakers, a white T-shirt, and a pair of gray sweat pants.

Fanney recognized this clothing from the surveillance video as that which the robber wore. In comparing the latent footwear impression discovered on the floor in front of Roycroft's teller station to the sneakers, the print examiner concluded the impression was made by the recovered right sneaker.

Angela Lane testified that she spoke to Kittrell on July 20, the day of the robbery. Lane described Kittrell as an older black man, with a receding hairline, a beard, and a mustache. Lane stated that though Kittrell appeared scruffy and dirty when she spoke with him prior to the occurrence of the robbery, Kittrell had shaved his beard and his head and was wearing clean clothes when she saw him later that day. Lane identified the white T-shirt and sweat pants recovered from the dumpster as the clothes Kittrell wore on July 20.

DNA testing was ordered on the clothing seized from the dumpster. Kristin Meyer, a DNA analyst with the North Carolina State Bureau of Investigation, concluded Kittrell could not be eliminated as a contributor to the DNA found in almost all of the samples taken from the clothing. In addition to linking Kittrell to the robbery via photographic, testimonial, and DNA evidence, the Government also presented the testimony of a questioned documents examiner who opined there was "strong evidence" that Kittrell wrote the demand note.

Prior to trial, the Government provided notice of its intent to introduce the April 2004 photograph of Kittrell. Kittrell opposed this, arguing the photograph should be precluded pursuant to Fed. R. Evid. 404(b). Finding the photograph relevant, reliable, and necessary for purposes of establishing Kittrell's identity, the district court denied Kittrell's motion.

At the close of the Government's evidence, Kittrell moved the court for a judgment of acquittal, which the district court denied. The jury found Kittrell guilty of the charged offense, and Kittrell was sentenced to 216 months' imprisonment. This appeal followed.

Kittrell raises two issues on appeal. First, Kittrell maintains the district court violated Fed. R. Evid. 404(b) in admitting the photograph of Kittrell taken in April 2004. Next, Kittrell maintains the Government's evidence of his guilt was legally insufficient to support the conviction. We address each contention in turn.

## I.   Admission of April 2004 Photograph

In this first assignment of error, Kittrell asserts the admission of the April 2004 photograph violated Fed. R. Evid. 404(b) because the photograph was taken in conjunction with Kittrell's prior arrest. According to Kittrell, admission of this

photograph, "constituted an improper comment on Kittrell's earlier involvement with the police."

This court reviews the admission of evidence for an abuse of discretion.  United States v. Midgett, 488 F.3d 288, 297 (4th Cir. 2007).  Evidentiary rulings are also subject to review for harmless error under Federal Rule of Criminal Procedure 52, and will be found harmless if the reviewing court can conclude "without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997) (internal quotations and citation omitted).

Rule 404(b) of the Federal Rules of Evidence prohibits the admission of evidence of "other crimes" solely to prove a defendant's bad character, but such evidence may be admissible for other purposes, such as "'proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'"  United States v. Hodge, 354 F.3d 305, 311-12 (4th Cir. 2004) (quoting Fed. R. Evid. 404(b)).  Rule 404(b) is considered a rule of inclusion; thus, evidence of prior acts is admissible under Rules 404(b) and 403 if the evidence is:  (1) relevant to an issue other than the general character of the defendant, (2) necessary, (3) reliable, and (4) if the probative value of the evidence is not substantially outweighed by its prejudicial value.  United States

v. Weaver, 282 F.3d 302, 313 (4th Cir. 2002); United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997).

The district court did not abuse its discretion in admitting the April 2004 photograph.  The photograph was relevant to the issue of identity, not Kittrell's general character, and necessary to the Government's case.  Moreover, the photograph was reliable and its probative value was not outweighed by the prejudicial effect.[*] United States v. Hill, 322 F.3d 301, 309 (4th Cir. 2003).

## II.  Sufficiency of the Evidence

Kittrell next asserts the jury's guilty verdict was not supported by legally sufficient evidence.  In support of this argument, Kittrell emphasizes several purported deficiencies in the Government's evidence, namely, Roycroft's in-court identification, the lack of any other eyewitness testimony identifying Kittrell as the robber, and the "inconclusive" nature of the DNA evidence.

This court reviews the district court's decision to deny a Rule 29 motion de novo.  United States v. Smith, 451 F.3d 209,

---

[*]Even if the district court did abuse its discretion in admitting the April 2004 photograph, the error was harmless.  The evidence against Kittrell was significant.  As this was not a close case factually, we conclude with fair assurance that any error regarding the admission of this photograph taken in the course of Kittrell's prior arrest did not affect the verdict.  See Weaver, 282 F.3d at 313-14; United States v. Heater, 63 F.3d 311, 325 (4th Cir. 1995).

216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006). This court reviews sufficiency of the evidence challenges by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). The court reviews both direct and circumstantial evidence, and permits the "[G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." Tresvant, 677 F.2d at 1021.

In evaluating the sufficiency of the evidence, this court does not "weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Where the evidence supports differing reasonable interpretations, the jury decides which interpretation to credit. Id. (quotations omitted). This court will uphold the jury's verdict if there is substantial evidence to support it, and will reverse only in those rare cases "where the prosecution's failure is clear." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotations omitted).

We reject Kittrell's challenge to the sufficiency of the evidence. Roycroft's identification of Kittrell as the robber was sufficient, and the jury was well within its province to credit her

testimony. Moreover, the Government was under no obligation to present any other eyewitness testimony.

Kittrell strenuously maintains the Government's DNA evidence was insufficient. Kittrell is correct in stating the DNA did not link Kittrell to the clothing found in the motel dumpster to the exclusion of all others. However, the DNA found on two of the cuttings taken from the recovered clothing contained a mixture of no more than two contributors, and Kittrell could not be excluded as a contributor to that mixture. Further, the DNA found on six of the cuttings contained a mixture of three or four contributors, and Kittrell similarly could not be excluded as a contributor from those mixtures. Contrary to Kittrell's position, the inconclusive nature of the DNA evidence obtained from the recovered right sneaker is not fatal to the Government's case.

The Government's evidence of Kittrell's guilt was ample. In addition to the DNA evidence linking Kittrell to the recovered clothing and Roycroft's in-court identification, the Government's expert handwriting analyst testified the demand note was "probably" written by Kittrell. Moreover, three of the five latent fingerprints recovered from the demand note were identified as Kittrell's. Examination of the right sneaker recovered from the motel's dumpster revealed that particular sneaker left the latent footwear impression lifted from Roycroft's teller station. This shoe was found with clothing containing a mixture of DNA, of which

Kittrell could not be excluded as one of the no more than four contributors. This evidence, although circumstantial, was more than enough to support the jury's guilty verdict, "even though it [did] not exclude every reasonable hypothesis consistent with innocence." <u>United States v. Osborne</u>, __ F.3d __, 2008 WL 222739, *7 (4th Cir. Jan. 29, 2008) (internal quotation marks and citation omitted).

Accordingly, we affirm the district court's judgment. Further, we deny Kittrell's motion for leave to file a pro se supplemental brief challenging the constitutionality of his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>